William LONG, on behalf of themselves and all others similarly situated, Charles Todd Lee, on behalf of themselves and all others similarly situated, et al., Plaintiffs–Appellees,

v.

Holly BENSON, in her official capacity as Secretary Florida Agency for Health Care Administration, Douglas Beach, in his official capacity as Secretary Florida Department of Elder Affairs, et al., Defendants–Appellants.

No. 08–16261.

United States Court of Appeals, Eleventh Circuit.

June 22, 2010.

Justin M. Senior, Law Offices of Justin M. Senior, P.A., Tallahassee, FL, for Defendants–Appellants.

Jodi Lynn Siegel, Southern Legal Counsel, Inc., Gainesville, FL, Stephen F. Gold, Philadelphia, PA, for Plaintiffs–Appellees.

Before EDMONDSON and BIRCH, Circuit Judges, and HODGES,* District Judge.

PER CURIAM:

This appeal is from the grant of a preliminary injunction. As we understand it,

da, sitting by designation.

today's case presents a close question in the application of law to a set of unique facts. We are not deciding the merits of the case. But we cannot say the district court abused its discretion in granting the preliminary injunction in this case. "A preliminary injunction may be issued to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaningful decision after a trial on the merits. The grant or denial of a preliminary injunction rests in the discretion of the district court." *Canal Authority of State of Fla. v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974). *See also Schiavo v. Schiavo,* 403 F.3d 1223, 1226 (11th Cir.2005); *Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers,* 740 F.2d 892, 893 (11th Cir.1984).

Today's affirmance of the preliminary injunction does not affect the law of the case on the merits. A full review of appellants' assertions can be had after—and if—the district court on full consideration decides to grant a permanent injunction.

AFFIRMED.